UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
THOMAS DUNHAM, ANDREW DUNHAM, :
BRENDAN DUNHAM and COREY CITARELLA, :
:
Plaintiffs, :
: **MEMORANDUM & ORDER**
-against- : 19-cv-03289 (DLI) (CLP)
:
THE TOWN OF RIVERHEAD, BRIAN :
GLEASON, GIUSEPPE ROSINI, ROBERT :
KRAHAM and CHRISTINA KRAHAM, :
:
Defendants. :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Plaintiffs Thomas Dunham, Andrew Dunham, Brendan Dunham and Corey Citarella (collectively, "Plaintiffs") filed this action on June 3, 2019 pursuant to 42 U.S.C. § 1983, alleging violations of their federal and New York State Constitutional rights, against Defendants the Town of Riverhead, retired Police Sergeant Brian Gleason ("Gleason"), Police Officer Giuseppe Rosini ("Rosini"), Robert Kraham and Christina Kraham (collectively, "Defendants"). *See*, Complaint ("Compl."), Dkt. Entry No. 1. Gleason and Rosini (the "Moving Defendants") jointly filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. *See*, Mot. to Dismiss, Dkt. Entry No. 19. Plaintiffs opposed. *See*, Affirmation of Christopher Ross in Opp'n to Defs.' Mot. ("Ross Affirmation"), Dkt. Entry No. 21. For the reasons set forth below, the motion to dismiss is granted and the case is dismissed as to the Moving Defendants, without prejudice.

## BACKGROUND

The instant motion seeks dismissal for insufficient service of process. As such, the specific allegations in the Complaint are not of particular relevance. In sum, Plaintiffs were arrested

following an altercation at an event at the East Wind Catering facility in Wading River, New York, allegedly on the basis of false and/or misleading information. *See*, Compl. ¶¶ 12-13. While the Moving Defendants were not present at the altercation, Gleason is alleged to have "coerced statements" from Plaintiff Robert Kraham during a "show-up line up," and Rosini is alleged to have used excessive force on Plaintiff Thomas Dunham while Dunham was in custody. *Id.* ¶¶ 36, 15-16.

In July 2019, the Moving Defendants each filed an answer, asserting insufficient service of process as an affirmative defense. *See*, Gleason Answer, Dkt. Entry No. 7 ¶ 37; Rosini Answer, Dkt. Entry No. 8 ¶ 37. Plaintiffs never took steps to cure the purportedly defective service. On January 29, 2020, the Moving Defendants jointly filed the instant motion to dismiss the Complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. *See*, Mot. to Dismiss, Dkt. Entry No. 19. In support of the motion to dismiss, the Moving Defendants filed, *inter alia*, an affirmation in support from their attorney Anthony M. Maffia; an affidavit from Gleason and an affidavit from Rosini. *See*, Affirmation of Anthony M. Maffia ("Maffia Affirmation"), Dkt. Entry No. 19 Ex. 1; Affidavit of Giuseppe Rosini ("Rosini Aff."), *Id.* Ex. 5;[1] Affidavit of Brian Gleason ("Gleason Aff."), *Id.* Ex. 6. The affirmation and affidavits state that the Moving Defendants were not served properly with the summons and complaint. The Moving Defendants also filed a corrected affidavit of service of the motion to dismiss, which they improperly docketed as a separate motion. *See*, Dkt. Entry No. 20.

On February 19, 2020, Plaintiffs filed the Ross Affirmation in opposition to the motion to dismiss. *See*, Ross Affirmation, Dkt. Entry No. 19. In support of the opposition, Plaintiffs filed, *inter alia*, affidavits of service from a process server regarding service of process as to Rosini and

---

[1] The Court has corrected the spelling in the case caption of "Giusepi" to "Giuseppe," as used in Giuseppe Rosini's affidavit. *See generally*, Rosini Aff.

2

Gleason. *See*, Ross Affirmation Ex. B (Rosini), Ex. C (Gleason). On February 25, 2020, the Moving Defendants filed a reply in further support of the motion to dismiss. *See*, Reply in Supp. of Mot. to Dismiss, Dkt. Entry No. 22.

## LEGAL STANDARD

On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient. *See*, *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005). "A plaintiff must meet this burden by making a prima facie case of proper service through specific factual allegations and any supporting materials, and conclusory statements alone are not sufficient to overcome a defendant's sworn affidavit that service was improper." *W. Sur. Co. v. Bykev Int'l Inc.*, 2015 WL 5146112, at *2 (S.D.N.Y. Sept. 1, 2015) (quotation marks and citations omitted).

"In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp.2d 54, 64 (S.D.N.Y. 2010). "Rule 4(e) generally provides that individuals may be served by either (1) following the relevant state law procedures for service of the State where the district court is located or where service is made, or (2) personal delivery, leaving a copy at the individual's dwelling or usual abode with a person who resides there, or delivering a copy to an agent authorized to receive process." *Vidurek v. Koskinen*, 789 F. App'x 889, 893 (2d Cir. 2019) (summary order).

As relevant here, New York's "leave and mail" provision, N.Y. C.P.L.R. § 308(2), provides that personal service may be made by "delivering the summons . . . to a person of suitable age and discretion at the actual place of business . . . of the person to be served," *and* "mailing the summons . . . to the person to be served at his or her actual place of business." N.Y. C.P.L.R.

§ 308(2). "The rule also requires that 'proof of such service [ ] be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing . . . .'" *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 660 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 844 (2d Cir. 1999) (alteration in original) (quoting N.Y. C.P.L.R. § 308(2)).

Rule 4(m) provides, in relevant part: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Even absent a showing of good cause, however, district courts have discretion to grant extensions of time to effect proper service. *See*, *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007).

## DISCUSSION

### A. Service of Process on Rosini

The Moving Defendants do not dispute that a copy of the summons was delivered to a person of suitable age and discretion at Rosini's actual place of business, thus satisfying the first requirement of C.P.L.R. § 308(2). However, the Moving Defendants contend that Rosini did not receive "a copy of the Summons and Complaint by mail" as required by the second prong of C.P.L.R. § 308(2). *See*, Maffia Affirmation ¶ 15; *See also*, Rosini Aff. ¶ 5 ("I have not received a copy of the Summons and Complaint by mail or in person at my dwelling and/or my usual place of abode and/or my actual place of business.").

With respect to mailing, Plaintiffs' affidavit of service provides:

MAILING:
That your deponent did mail a true copy of the Summons in a Civil Action and Complaint to Police Officer Giusepi [sic] Rosini *at his place of business* in a plain white envelope marked "Personal & Confidential" not bearing the name of any

>Legal Entity entrusted thru the UNITED STATES POSTAL SERVICE by First Class Mail

Ross Affirmation Ex. A (emphasis added). This conclusory statement regarding the address of the mailing is insufficient to make a prima facie case of proper service by mail pursuant to CPLR § 308(2). However, Plaintiffs' attorney, Christopher Ross, filed an affidavit attesting that, "on June 20, 2019 and [sic] mailing was made of the summons in a civil action and complaint the [sic] police officer Giuseppe Rosini at the same [sic] to 10 [sic] Howell Ave., Riverhead NY 11901." *See*, Ross Affirmation ¶ 24.

It is undisputed that the Riverhead Police Department, located at 210 Howell Avenue, Riverhead, NY 11901, is Rosini's actual place of business. As such, the mailing is defective as it was sent to the wrong address. The mailing was not even addressed to the Riverhead Police Department, which might have ensured its delivery to Rosini at his actual place of business. Sworn affidavits are entitled to some weight. *See*, *Glover v. United States*, 111 F. Supp.2d 190, 196 (E.D.N.Y. 2000) ("[A]ffidavits are entitled to some weight" due to the "penalties of perjury that attach generally to individuals who submit false affidavits to the court, and the disciplinary consequences that attach to attorneys who submit such affidavits."). However, the numerous and repeated typographical errors throughout the Ross Affirmation cast doubt on the credibility of both the attestations in the Affirmation and on attorney Ross more broadly. Accordingly, Plaintiff has failed to make a prima facie case of service by mail to Rosini's actual place of business.

Rosini attests that he has "not received" a copy of the summons by mail. *See*, Rosini Aff. ¶ 6. Thus, the Court finds that the errors and lack of specificity in Plaintiffs' counsel's affirmation regarding to where the mailing was addressed is insufficient to rebut Rosini's affidavit. Accordingly, the Court concludes that the mailing requirements of C.P.L.R. § 308(2) were not satisfied with respect to the service of Rosini.

In addition, Plaintiffs concede that proof of service on Rosini never was filed with the clerk of the court designated in the summons, which must be done "within twenty days of either such delivery or mailing . . . .'" *See*, N.Y. C.P.L.R. § 308(2). "It is well-established that C.P.L.R. 308(2) requires strict compliance." *Pearson v. Bd. of Educ. of City of New York*, 2004 WL 2297354, at *4 (S.D.N.Y. Oct. 12, 2004) (citation omitted). "However, New York courts diverge as to whether the failure to file an affidavit of service with the court is itself a jurisdictional defect requiring dismissal." *Garnett-Bishop v. New York Cmty. Bancorp, Inc.*, 2014 WL 5822628, at *11 (E.D.N.Y. Nov. 6, 2014); *compare Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 660 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 844 (2d Cir. 1999) (finding that plaintiff "failed to effect proper service" and noting that "'leave and mail' service under Section 308(2) is ineffective where a plaintiff does not file proof of service with the clerk within twenty days of the date on which the process server mailed the summons and complaint" (citation omitted)) *with Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp.2d 177, 181 (S.D.N.Y. 2003) ("[B]oth federal and state courts have found that even the complete failure to file proof of service is a mere irregularity, non jurisdictional in nature").

The Court finds that Plaintiffs failed to effect service on Rosini properly. As an initial matter, the plain language of C.P.L.R. § 308(2) provides that "service shall be complete ten days after [filing of the proof of service]." N.Y. C.P.L.R. § 308(2). Thus, prior to the filing of the proof of service, service under § 308(2) is not "complete." Moreover, CPLR § 308(2) requires strict compliance, which mandates fulfillment of all three requirements. *See, Johnson v. Quik Park Columbia Garage Corp.*, 1995 WL 258153, at *2 (S.D.N.Y. May 2, 1995) (dismissing action as to a defendant where service was "ineffective because plaintiff did not file proof of service with the clerk of the court within 20 days of the date on which her process server allegedly mailed a

6

copy of the summons and complaint" to that defendant, and noting that § 308(2) "requires strict compliance").

Finally, even if "a plaintiff's failure to file proof of service on time may be 'curable,' it is still a 'defect' needing a cure." *Stop & Shop Supermarket Co. v. Goldsmith*, 2011 WL 1236121, at \*5-\*6 (S.D.N.Y. Mar. 31, 2011). Rosini asserted the affirmative defense of insufficient service of process more than a year ago, in July 2019. To date, Plaintiffs have not cured any of the defects noted *supra*, nor have they completed service by filing proof of service with the Clerk of Court. Thus, Plaintiffs have not made a prima facie case of service on Rosini pursuant to CPLR § 308(2).

### B. Service of Process on Gleason

Similarly, Plaintiffs have failed to make a prima facie case of proper service as to Gleason. Plaintiffs' affidavit of service attests that Gleason was served at the Riverhead Police Department "by serving Cheryl Kornafel, Department Clerk," and asserts again that the summons and complaint were mailed "to Sergeant Brian Gleason *at his place of business*" without specifying the location of mailing. *See*, Ross Affirmation, Ex. B (emphasis added). The Ross Affirmation provides that "Retired Sgt. Brian Gleason was served on or about June 20, 2019 by giving a copy of [sic] to a personal [sic] suitable age and discretion *at what was believed to* believe [sic] his actual place of business, 210 Howell Ave., Riverhead NY 11901." Ross Affirmation ¶ 28 (emphasis added). The Ross Affirmation further provides that "Service was also delivered at the Wading River Fire Department at a later date." *Id.* ¶ 28. Plaintiffs provide no affidavit or other support for their assertion that they delivered service to Gleason at the Wading River Fire Department.

As an initial matter, Gleason retired from the Riverhead Police Department in 2018. *See*, Gleason Aff. ¶ 13. Thus, the Riverhead Police Department was not his actual place of business at

7

the time of service. *Cf.*, *Gemma v. City of New York*, 2013 WL 6017857, at *1 (S.D.N.Y. Nov. 5, 2013) ("Plaintiff did not serve Detective Sasso at her actual place of business because she retired from the NYPD prior to the service date."). Moreover, in addition to failing to provide an affidavit supporting the supposed service at the Wading River Fire Department, Plaintiffs concede that the Wading River Fire Department, in fact, never was Gleason's actual place of business:

> "[G]iven the sworn statement and representations made by defendant Gleason at this time that he officially retired as of March 31, 2018 at which time to 10 [sic] Howell Ave., Riverhead NY 11901 was no longer his actual place of business and assuming arguendo [sic] that he is a member of the waiting [sic] River volunteer fire department, that as a volunteer the [sic] waiting [sic] River fire department could not be his regular place of business, the plaintiffs respectfully request an extension of time to serve process upon the defendant Brian Gleason."

Ross Affirmation ¶ 30. Thus, Plaintiffs fail to make a prima facie case of either of CPLR § 308(2)'s service requirements. Notably, as with Rosini, Plaintiffs fail to fulfill the filing requirement of § 308(2), as the affidavits of service were not filed with the Clerk of Court. *See*, Ross Affirmation ¶ 7.

### C. Remedy

Where, as here, "a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *See*, Fed. R. Civ. P. 4(m). But, "if the plaintiff shows good cause for the failure [to serve a defendant], the court must extend the time for service for an appropriate period." *Id.* "The Second Circuit has made clear that district courts have discretion to determine whether good cause exists under Rule 4(m)." *Walters v. Suffolk Cty.*, 2014 WL 940734, at *3 (E.D.N.Y. Mar. 11, 2014) (citing *Zapata*, 502 F.3d at 197).

"Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control."

8

*Purzak v. Long Island Housing Servs., Inc.*, 2013 WL 5202711, at *4 (E.D.N.Y. Sept. 13, 2013). "A delay in service resulting from mere inadvertence, neglect, or mistake does not constitute good cause." *Id.* (quotation marks and citation omitted).

Plaintiffs make no meaningful attempt to demonstrate good cause for their failure to effect service on the Moving Defendants. *See generally*, Ross Affirmation. The Moving Defendants' answers, filed more than a year ago, asserted the affirmative defense of improper service of process. Thereafter, Plaintiffs did not effect proper service on the Moving Defendants, nor did they seek an extension of the 90-day period to effect service. Moreover, the record demonstrates that Plaintiffs still have not undertaken any effort to remedy their defective service. Accordingly, the Court concludes that Plaintiffs have failed to show good cause for extending the time to serve the Moving Defendants.

"Even in the absence of good cause, however, the court may, in its discretion, grant an extension." *Matos v. City of New York*, 2012 WL 7160430, at *3 (E.D.N.Y. Dec. 3, 2012). "In determining whether to grant a discretionary extension, this court will consider: (1) whether the applicable statute of limitations would bar a refiled action; (2) whether the defendants had actual notice of the claims asserted in the complaint; (3) whether the defendants attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Id.*

Plaintiffs further fail to address the factors courts generally consider in determining whether to grant a discretionary extension of the time for service, and the Court declines to exercise its discretion to grant such an extension under the circumstances presented here. *See*, *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp.2d 404, 421 (S.D.N.Y. 2013) ("[T]he Second Circuit has stated clearly that even if the balance of hardships favors the plaintiff a district court may still

9

decline to excuse a failure to timely serve the summons and complaint where the plaintiff fails to advance some colorable excuse for neglect."). In any event, the statute of limitations likely would not bar Plaintiffs from refiling their claims against the Moving Defendants, as "[c]laims under § 1983 are governed by a three-year statute of limitations in New York." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 79 (2d Cir. 2015) (citation omitted). Thus, "dismissal without prejudice does not impose an undue hardship on the plaintiff[s], who can refile [their] claims in a new action." *See*, *Allore v. Specialized Loan Servicing, LLC*, 2018 WL 2048368, at *2 (E.D.N.Y. May 1, 2018) (citation omitted).

## CONCLUSION

The Moving Defendants' motion to dismiss the complaint is granted and the case is dismissed as to Brian Gleason and Giuseppe Rosini only, without prejudice. This action is referred to the magistrate judge for further pretrial proceedings.

SO ORDERED.

Dated: Brooklyn, New York
        September 30, 2020

                                             _____/s/_____
                                             DORA L. IRIZARRY
                                             United States District Judge

10